## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| AMERICAN CENTER FOR LAW AND JUSTICE, | ) ) ) | |
| 201 Maryland Avenue, NE Washington, DC  20002 | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case Action No. 1:16-cv-2188 |
| UNITED STATES DEPARTMENT OF JUSTICE, | ) ) ) | **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |
| 950 Pennsylvania Avenue, NW Washington, DC 20530-0001 | ) ) ) | |
| Defendant. | ) ) | |

## COMPLAINT

Plaintiff American Center for Law and Justice ("ACLJ"), by and through counsel, brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, challenging the failure of Defendant, the United States Department of Justice ("DOJ"), to respond to Plaintiff's FOIA request and request for expedited processing within the statutorily prescribed time period, and seeking the disclosure and release of agency records improperly withheld by Defendant. In support thereof, Plaintiff alleges and states as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B), 5 U.S.C. § 552(a)(6)(C)(i), and 28 U.S.C. § 1331, because this action arises under FOIA, and Plaintiff has exhausted its administrative remedies.

2.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(e) and 5 U.S.C. § 552(a)(4)(B).

3.      This Court has authority to award injunctive relief pursuant to 5 U.S.C. § 552(a)(4)(B)

and 28 U.S.C. § 2202.

4.      This Court has authority to award declaratory relief pursuant to 28 U.S.C. § 2201.

## PARTIES

5.      Plaintiff, with offices at 201 Maryland Avenue, N.E., Washington, DC 20002, is a not-

for-profit 501(c)(3) organization dedicated to the defense of constitutional liberties secured by

law. Plaintiff's mission is to educate, promulgate, conciliate, and where necessary, litigate, to

ensure that those rights are protected under the law. Plaintiff also regularly monitors

governmental activity with respect to governmental accountability. Plaintiff seeks to promote

integrity, transparency, and accountability in government and fidelity to the rule of law. In

furtherance of its dedication to the rule of law and public interest mission, Plaintiff regularly

requests access to the public records of federal, state, and local government agencies, entities,

and offices, and disseminates its findings to the public.

6.      Defendant is an agency of the United States within the meaning of 5 U.S.C. § 552(f)(1)

and is headquartered at 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001.

Defendant is in control and possession of the records sought by Plaintiff.

## FACTUAL ALLEGATIONS

7.      Plaintiff summarized its requests as follows:  "this Request seeks any and all records

pertaining to Attorney General Loretta Lynch's meeting with former President Bill Clinton on

June 27, 2016, which occurred on her airplane at the Sky Harbor International Airport in

Phoenix, Arizona." Pl.'s FOIA Request Ex. A, 1.

8.      "Pursuant to DOJ FOIA regulation 28 C.F.R. §16.3(b)," Plaintiff set forth a "Background

address[ing] 'the date, title or name, author, recipient, subject matter of the record[s]' requested,

to the extent known." Pl.'s FOIA Request Ex. A, 1 (quoting 28 C.F.R. §16.3(b)). Said

Background, Pl.'s FOIA Request Ex. A, 2-3, is hereby incorporated as if fully set forth herein.

9.      In its FOIA request, attached hereto as Exhibit A and incorporated by reference as if fully

set forth herein, Plaintiff sought the following records:

### Records Regarding Names of DOJ Officials Involved in Meeting-Related Discussions or Decisions

1.      Any and all records containing the names of any DOJ official, staff or employee who participated in any discussion regarding the meeting between General Lynch and Bill Clinton that occurred on Monday, June 27, 2016, at Sky Harbor International Airport in Phoenix, Arizona.

2.      Any and all records containing the names of any DOJ official, staff or employee who participated in any decision on or determination of whether clearance, authorization or permission should be granted or in fact would be granted to Bill Clinton to board General Lynch's airplane on Monday, June 27, 2016, at Sky Harbor International Airport in Phoenix, Arizona.

3.      Any and all records containing the names of any person present in the passenger compartment of General Lynch's airplane during the meeting between General Lynch and Bill Clinton that occurred on Monday, June 27, 2016, at Sky Harbor International Airport in Phoenix, Arizona.

### Records Regarding Meeting-Related Discussions or Decision

4.      Any and all records, communications or briefings prepared, sent, received or reviewed by General Lynch or any other DOJ official, staff or employee, *before* the meeting between General Lynch and Bill Clinton that occurred on Monday, June 27, 2016, at Sky Harbor International Airport in Phoenix, Arizona, containing any discussion of or in any way regarding the meeting.

5.      Any and all records, communications or briefings prepared, sent, received or reviewed by General Lynch or any other DOJ official, staff or employee, *at any time*, containing any discussion of or in any way regarding the meeting between General Lynch and Bill Clinton that occurred on Monday, June 27, 2016, at Sky Harbor International Airport in Phoenix, Arizona.

6.      Any and all records prepared, sent, received or reviewed by General Lynch or any other DOJ official, staff or employee, at any time, containing any discussion of or in any way regarding the decision to grant clearance,

3

authorization or permission to Bill Clinton to board General Lynch's airplane on Monday, June 27, 2016, at Sky Harbor International Airport in Phoenix, Arizona.

### Records Regarding Communications Received From Bill Clinton or Regarding His Presence

7.      Any and all records of any communication or briefing received by General Lynch, any DOJ official, staff or employee from Bill Clinton or his staff regarding the meeting between General Lynch and Bill Clinton that occurred on Monday, June 27, 2016, at Sky Harbor International Airport in Phoenix, Arizona, *regardless of whether the communication or briefing was received before, during, or after the meeting*.

8.      Any and all records of any communication or briefings by which General Lynch was advised that Bill Clinton was present at the Sky Harbor International Airport in Phoenix, Arizona, on Monday, June 27, 2016.

### Records Regarding Any Discussion of Bill Clinton

9.      Any and all records of any communication or briefing prepared, sent, received or reviewed by General Lynch, her staff, or any other DOJ official or employee or any other person *from June 13, 2016 to Sunday, June 26, 2016*, containing any discussion of or in any way naming, regarding, involving or referencing Bill Clinton.

10.      Any and all records of any communication or briefing prepared, sent, received or reviewed by General Lynch, her staff, or any other DOJ official or employee on Monday, June 27, 2016, containing any discussion of or in any way naming, regarding, involving or referencing Bill Clinton, regardless of whether the communication or briefing was prepared or sent before, during or after the meeting between General Lynch and Bill Clinton.

11.      Any and all records of any communication or briefing prepared, sent, received or reviewed by General Lynch, her staff, or any other DOJ official or employee on Tuesday, June 28, 2016, *or after*, containing any discussion of or in any way naming, regarding, involving or referencing Bill Clinton.

### Records Regarding Discussion of Ethics Rules or Professional Codes of Conduct Governing Attorneys

12.      Any and all records of any communication or briefing prepared, sent, received or reviewed by General Lynch, her staff, or any other DOJ official or employee *before* the meeting on Monday, June 27, 2016, between General Lynch and Bill Clinton at Sky Harbor International Airport in Phoenix, Arizona, containing any discussion of ethics rules or DOJ Standards of Conduct governing

attorneys in connection with the meeting *or* Lynch's relationship with Bill Clinton.

13.     Any and all records of any communication or briefing prepared, sent, received or reviewed by General Lynch, her staff, or any other DOJ official or employee *after* the meeting on Monday, June 27, 2016, between General Lynch and Bill Clinton at Sky Harbor International Airport in Phoenix, Arizona, containing any discussion of ethics rules or DOJ Standards of Conduct governing attorneys in connection with the meeting *or* Lynch's relationship with Bill Clinton.

14.     Any and all records, communications or briefings prepared, sent, received or reviewed by General Lynch, her staff, any DOJ official or employee, regarding or containing any discussion of the contents or requirements of 5 C.F.R. § 45.2 in connection with the meeting *or* Lynch's relationship with Bill Clinton..

### *Records Regarding Discussion of or Decisions on Response to Press*

15.     Any and all records of any communication or briefing prepared, sent, received or reviewed by General Lynch, her staff, or any other DOJ official or employee *after* the meeting on Monday, June 27, 2016, between General Lynch and Bill Clinton at Sky Harbor International Airport in Phoenix, Arizona, containing any *discussion of the press, responding to the press, or the content of any press release or public statements* in connection with the meeting.

16.     Any and all records of any communication or briefing prepared, sent, received or reviewed by General Lynch, her staff, or any other DOJ official or employee *after* the meeting on Monday, June 27, 2016, between General Lynch and Bill Clinton at Sky Harbor International Airport in Phoenix, Arizona, containing any *decision regarding the press, responding to the press, or the content of any press release or public statements* in connection with the meeting.

Pl.'s FOIA Request Ex. A, 4-6.

10.     Plaintiff specified in its FOIA request that:

For purposes of this Request, the term "record" is "any information" that qualifies under 5 U.S.C. § 552(f), and includes, but is not limited to, the original or any full, complete and unedited copy of any log, chart, list, memorandum, note, correspondence, writing of any kind, policy, procedure, guideline, agenda, handout, report, transcript, set of minutes or notes, video, photo, audio recordings, or other material. The term "record" also includes, but is not limited to, all relevant information created, stored, received or delivered in any electronic or digital format, e.g., electronic mail, instant messaging or Facebook Messenger, iMessage, text messages or any other means of communication, and any information generated, sent, received, reviewed, stored or located on a

government *or private* account or server, consistent with the holdings of *Competitive Enterprise Institute v. Office of Science and Technology Policy*, No. 15-5128 (D.C. Cir. July 5, 2016) (rejecting agency argument that emails on private email account were not under agency control, and holding, "If a department head can deprive the citizens of their right to know what his department is up to by the simple expedient of maintaining his departmental emails on an account in another domain, that purpose is hardly served.").

Pl.'s FOIA Request Ex. A, 3.

11.     Plaintiff specified in its FOIA request that:

For purposes of this Request, the term "briefing" includes, but is not limited to, any in-person meeting, teleconference, electronic communication, or other means of gathering or communicating by which information was conveyed to one or more person.

Pl.'s FOIA Request Ex. A, 4.

12.     Plaintiff specified in its FOIA request that:

For purposes of this Request, the term "DOJ official" includes, but is not limited to, any person who is (1) employed by or on behalf of the U.S. Department of Justice or Federal Bureau of Investigation in any capacity; (2) contracted for services by or on behalf of the U.S. Department of Justice or Federal Bureau of Investigation in any capacity; or (3) appointed by the President of the United States to serve in any capacity at the U.S. Department of Justice or Federal Bureau of Investigation, all without regard to the component or office in which that person serves.

Pl.'s FOIA Request Ex. A, 4.

13.     Plaintiff specified in its FOIA request that:

For purposes of this Request, and unless otherwise indicated, the timeframe of records requested herein is June 13, 2016, to the date this Request is processed.

Pl.'s FOIA Request Ex. A, 4.

14.     In its FOIA request, Plaintiff stated:

As such, if this Request is denied in whole or in part, ACLJ requests that, within the time requirements imposed by FOIA, you support all denials by reference to specific FOIA exemptions and provide any judicially required explanatory information, including but not limited to, a *Vaughn* Index.

Pl.'s FOIA Request Ex. A, 7.

15.     In its FOIA request, Plaintiff stated:

> Moreover, as explained in an accompanying memorandum, the ACLJ is entitled to expedited processing of this Request as well as a waiver of all fees associated with it. ACLJ reserves the right to appeal a decision to withhold any information sought by this request and/or to deny the separate application for expedited processing and waiver of fees.

Pl.'s FOIA Request Ex. A, 7.

16.     Plaintiff sent its FOIA request to Defendant DOJ's FOIA/PA Mail Referral Unit, and a separate copy of its FOIA request to Defendant DOJ's Director of Public Affairs. *See* Pl.'s FOIA Request Ex. A, 1, 9.

17.     Defendant received both of Plaintiff's FOIA request letters on July 18, 2016, at 9:28 AM, and "A.OWENS" signed for the delivery, all as shown on the Federal Express delivery notification email and proof of delivery confirmation forms attached as Exhibit B and C, both incorporated by reference as if fully set forth herein.

18.     The Defendant has wholly failed to respond to Plaintiff's FOIA request.

19.     Plaintiff also separately sent its FOIA request to the Federal Bureau of Investigation (FBI), which by letter of August 5, 2016, acknowledged receipt of Plaintiff's FOIA request and assigned FOIPA Request No. 1355324-000 to the request. FBI Letter of Aug. 5, 2016, Exh. D, 1-2. By separate letter that same date, the FBI denied Plaintiff's request for expedited processing. Exh. D, 3.

20.     By letter dated August 23, 2016, the FBI changed course and granted expedited processing to the request, determining that Plaintiff "provided enough information concerning 28 C.F.R. §16.5(e)(1)(v)" showing "[a] matter of widespread and exceptional media interest in

which there exist possible questions about the government's integrity which affect public confidence." FBI Letter of Aug. 23, 2016, Exh. E.

21.     By letter dated October 21, 2016, received by Plaintiff October 31, 2016, the FBI stated: "No records responsive to your request were located." FBI Letter of Oct. 21, 2016, Exh. F.

22.     By email dated October 31, 2016, attached as Exhibit G and incorporated by reference as if fully set forth herein, the FBI FOIA Public Liaison affirmed that "[a]ny response on FBI letterhead reflects the FBI's response only; you will receive a separate response from the Department of Justice." FBI Email of Oct. 31, 2016, Exh. G. Of course, Plaintiff received no such response from Defendant DOJ and accordingly, has filed this action.

## CAUSES OF ACTION

### COUNT I
### Violation of the Freedom of Information Act

23.     Plaintiff realleges and incorporates by reference paragraphs 1 through 22 of this Complaint as if fully stated herein.

24.     The federal FOIA establishes a 20-day deadline by which a federal agency must make and issue a decision regarding compliance with a request for records made pursuant to the statute. 5 U.S.C. § 552(a)(6)(A)(i).

25.     Pursuant to 5 U.S.C. § 552(a)(6)(A), Defendant was required to determine whether to comply to Plaintiff's request within twenty (20) days, excepting Saturdays, Sundays, and legal public holidays. Pursuant to this same provision, Defendant also was required to notify Plaintiff immediately of the determination, the reasons therefore, and the right to appeal any adverse determination to the head of the agency.

26.     Plaintiff sent its FOIA request to Defendant's Mail Referral Unit and Office of Public Affairs, the component of Defendant designated by Defendant to receive FOIA requests directed to Defendant, and Plaintiff's FOIA request was received on July 18, 2016.

27.     Pursuant to 5 U.S.C. § 552(a)(6)(A), the 20-day period commenced on July 18, 2016. Excluding weekends, Defendant was required to make its determination and provide Plaintiff with the requisite notifications by August 15, 2016.

28.     As of the date of this Complaint, Defendant has failed to notify Plaintiff of any determination about whether Defendant will comply with Plaintiff's FOIA request, the reasons for any such determination, or Plaintiff's right to appeal any adverse determination to the head of the agency.

29.     As of the date of this Complaint, Defendant has failed to produce any records responsive to the request, indicate when any responsive records will be produced, or demonstrate that responsive records are exempt from production.

30.     Defendant has not requested information from the Plaintiff that would toll the 20-day period as contemplated by 5 U.S.C. § 552(a)(6)(A)(i)(I).

31.     FOIA permits a federal agency, in unusual circumstances, to extend the 20-day response deadline for a period not to exceed ten (10) additional working days. 5 U.S.C. § 552(a)(6)(B).

32.     Defendant has not asserted the existence of "unusual circumstances." As such, Defendant has not implicated the tolling provision set forth in 5 U.S.C. § 552(a)(6)(B)(i).

33.     There are no "unusual circumstances" that justify Defendant's prolonged delay in responding to Plaintiff's lawful FOIA request.

34.     Plaintiff has a statutory right to have Defendant process Plaintiff's FOIA request in a timely manner and in accordance with the requirements set forth in 5 U.S.C. § 552(a)(6).

35.     Defendant is unlawfully withholding records requested by Plaintiff pursuant to 5 U.S.C. § 552.

36.     FOIA provides a cause of action for a complainant from whom a federal agency has withheld requested records. 5 U.S.C. § 552(a)(4)(B).

37.     Through its continued delay and outright failure to respond to Plaintiff's lawful request for records, and its improper withholding of such requested records, Defendant has failed to comply with FOIA's prescribed deadlines for responding to a request for records and has violated Plaintiff's statutory rights.

38.     Pursuant to 5 U.S.C. § 552(a)(6)(C), because Defendant failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A), Plaintiff is deemed to have exhausted any and all administrative remedies with respect to its FOIA request.

39.     Plaintiff is being irreparably harmed by reason of Defendant's unlawful withholding of requested records, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law.

## COUNT II
### Violation of 5 U.S.C. § 552(a)(6)(E)(ii) by Failure to Respond to Request for Expedited Processing

40.     Plaintiff realleges and incorporates by reference paragraphs 1 through 39 of this Complaint as if fully stated herein.

41.     Plaintiff requested expedited processing of its FOIA request pursuant to 5 U.S.C. § 552(a)(6)(E) and 28 C.F.R. § 16.5(e), as addressed in its Memorandum in Support of Requested Fee Waiver and Expedited Processing submitted with its FOIA request. Pl.'s FOIA Supporting Memo. Ex. H, 6, 16, and 26.  Exhibit H is incorporated by reference as if fully set forth herein.

42.     Defendant is in violation of 5 U.S.C. § 552(a)(6)(E)(ii), in that Defendant has failed to make "a determination of whether to provide expedited processing," which "shall be made, and notice of the determination shall be provided to the person making the request, within 10 days after the date of the request."

43.     Pursuant to 5 U.S.C. § 552(a)(6)(E)(iii), Defendant's failure "to respond in a timely manner" to Plaintiff's request for expedited processing "shall be subject to judicial review under paragraph (4) . . . ."

44.     A component of Defendant, the FBI, which asserts its responses to Plaintiff's FOIA request are *not* on behalf of Defendant DOJ, *see* ¶23; and FBI Email of Oct. 31, 2016, Exh. G, determined that Plaintiff *is* entitled to expedited processing of its FOIA request, *see* FBI Letter of Aug. 23, 2016, Exh. E. Yet Defendant DOJ has refused to even acknowledge Plaintiff's FOIA request *and* Plaintiff's request for expedited processing.

45.     Defendant has failed to respond to Plaintiff's request for expedited processing in a timely manner. Defendant is therefore violating 5 U.S.C. § 552(a)(6)(E)(ii).

### PRAYER FOR RELIEF

46.     WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against Defendant, and provide Plaintiff with the following relief:

(a)     An Order that Defendant conduct a diligent search for any and all records responsive to Plaintiff's FOIA request and demonstrate that it employed reasonable search methods most technologically likely to lead to the discovery of records responsive to Plaintiff's FOIA request, selected from among those methods available to Defendant;

(b)     An Order that Defendant produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and a *Vaughn* index of any responsive records withheld under claim of exemption;

(c)     An Order enjoining Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request;

(d)     A declaratory judgment that Defendant's actions violated Plaintiff's statutory rights under 5 U.S.C. § 552;

(e)     A declaratory judgment that Defendant is violating 5 U.S.C. § 552(a)(6)(E)(ii) for its failure to respond in a timely manner to Plaintiff's request for expedited processing and injunctive relief ordering Defendant to comply with this statutory requirement forthwith;

(f)     An Order awarding to Plaintiff its reasonable attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and,

(g)     An Order granting to Plaintiff all further relief to which Plaintiff may be entitled.

Dated: November 2, 2016.                    Respectfully submitted,

                                            THE AMERICAN CENTER FOR LAW AND JUSTICE

                                            /s/ Jay Alan Sekulow
                                            JAY ALAN SEKULOW
                                              (D.C. Bar No. 496335)
                                                COUNSEL OF RECORD
                                            STUART J. ROTH (D.C. Bar No. 475937)
                                            COLBY M. MAY (D.C. Bar No. 394340)
                                            CRAIG L. PARSHALL[*]
                                            MATTHEW R. CLARK
                                              (D.C. Bar No. 1028379)[*]
                                            BENJAMIN P. SISNEY[*]
                                            201 Maryland Avenue, N.E.
                                            Washington, D.C.  20002
                                            Telephone: (202) 546-8890
                                            Facsimile: (202) 546-9309
                                            Email: sekulow@aclj.org
                                            *Counsel for Plaintiff*

---

[*]Motion for Admission *Pro Hac Vice* pending.